In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-00436-CR


____________________



CHRISTOPHER D'WAYNE WILEY, Appellant



V.


 

THE STATE OF TEXAS, Appellee


 




On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-060730-R 






MEMORANDUM OPINION



 A jury found Christopher D'Wayne Wiley guilty of aggravated assault. After Wiley
pled true to habitual offender allegations, the jury assessed a punishment of thirty years in
the Texas Department of Criminal Justice, Correctional Institutions Division. In two
appellate issues, Wiley contends he received ineffective assistance at trial and that the trial
court erred in excluding evidence of insanity in the guilt phase of the trial. We affirm the
judgment.

 Wiley argues his trial counsel was ineffective for failing to properly investigate,
prepare for, and present evidence to support an insanity defense. To show ineffective
assistance, Wiley must demonstrate that: (1) trial counsel's performance was deficient
because it fell below an objective standard of reasonableness, and (2) there is a reasonable
probability that, but for counsel's errors, the result of the proceeding would have been
different. Strickland v. Washington, 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A claim of ineffective
assistance must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex.
Crim. App. 2002). "Failure of appellant to make either of the required showings of deficient
performance and sufficient prejudice defeats the claim of ineffective assistance." Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Because the reasonableness of
counsel's decisions and strategy often involves facts that do not appear in the appellate
record, the record on direct appeal will generally not be sufficient to sustain a claim of
ineffective assistance. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). 

 Wiley did not develop a record supporting his ineffective assistance claim on motion
for new trial. On appeal, he argues that no competent counsel could neglect to timely file
notice of intent to raise the affirmative defense of insanity. When defense counsel offered
a psychiatrist's testimony and emergency room records in a bill of exception, the prosecutor
made it clear that he was not objecting to a lack of timely notice and that the only objection
being made at the time of the offer was to relevance. Wiley concedes the trial court excluded
the evidence on grounds of relevance in his second issue, which argues the trial court abused
its discretion because the evidence was relevant to the issues of insanity and to negate
specific intent to commit aggravated assault.

 Outside the presence of the jury, a psychiatrist testified that he treated Wiley in the
hospital emergency room on March 7, 2007. The psychiatrist decided Wiley met the criteria
for admission and made a preliminary diagnosis of paranoid schizophrenia that he based on
a report of three prior hospitalizations and Wiley's account of hearing voices. The
psychiatrist stated that he was not treating Wiley in 2005 or 2006 . . . and that he could not
extrapolate Wiley's condition in 2007 to what his condition was on June 7, 2005, when Wiley
committed the aggravated assault. The psychiatrist testified he is not qualified to give an
opinion as to whether Wiley was sane at the time of the alleged offense and that he offered
no opinion in that regard. (1) He also agreed that, while some people with schizophrenia have
problems differentiating right from wrong, there are others who are perfectly capable of
differentiating between right and wrong at any given time.

 Defense counsel also proffered the hospital records from Wiley's hospitalization from
March 7, 2007, through March 8, 2007. The trial court sustained the State's relevance
objection. The records were admitted into evidence in the punishment phase of the trial. 
Also during the punishment phase, Wiley testified that he was first diagnosed as
schizophrenic as a teenager. Wiley testified that he hears voices, has suicidal tendencies, and
hurts those around him. Wiley also testified that he was not taking medication at the time of
the offense.

 "Evidence of mental disease or defect does not, standing alone, equate to evidence of
insanity." Kelly v. State, 195 S.W.3d 753, 757 (Tex. App.--Waco 2006, pet. ref'd). The
evidence in the record in this case, including the offer of proof and the evidence adduced in
the punishment phase, would not support a charge on the affirmative defense of insanity. See
id. at 757. Thus, the appellant has not shown that the late filing of the notice of intent to raise
the affirmative defense of insanity prejudiced the defense of his case.

 Wiley also argues that a competent attorney would have presented further evidence
of the three prior psychiatric hospitalizations. "Counsel's strategic choices made after a less
than complete investigation of the law and facts relevant to plausible options are considered
reasonable, on a claim of ineffective assistance, precisely to the extent that reasonable
professional judgment supports limitations on the investigation." Randon v. State, 178
S.W.3d 95, 102 (Tex. App.--Houston [1st Dist.] 2005, no pet.). Although the appellate
record suggests Wiley had been previously hospitalized and also suggests that defense
counsel had not obtained records of prior hospitalizations prior to trial, the record tells us
nothing about the extent of the investigation conducted by counsel. Furthermore, without the
records, we cannot determine whether such records exist or whether the records would have
been admissible at trial or helpful to the defense. On this record, Wiley cannot overcome the
presumption that counsel provided reasonable assistance or show that counsel's lack of
investigation prejudiced Wiley's defense. See Thompson, 9 S.W.3d at 813-14; Freeman v.
State, 167 S.W.3d 114, 120 (Tex. App.--Waco 2005, no pet.). We overrule issue one.

 In his second issue, Wiley contends the trial court abused its discretion in excluding
the psychiatrist's testimony and the records from the March 2007 hospitalization. He argues
this evidence would have assisted the jury in determining whether he was in fact sane at the
time of the offense and would have allowed him to negate the specific intent required to
commit aggravated assault. As we have already noted, however, the psychiatrist was not
aware of what the appellant's mental condition might have been in 2005 and he could not
offer an opinion on whether Wiley was sane or insane when he committed the offense. The
trial court does not abuse its discretion by excluding expert testimony that would not assist
the trier of fact. See Nejnaoui v. State, 44 S.W.3d 111, 117-18 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd) (Trial court did not err in excluding psychiatrist's testimony where
the witness last examined the defendant seven months before the offense, lacked personal
knowledge of the appellant's medical condition at the time of the shooting, and the
defendant's mental condition at the time of the shooting was not established by other
evidence.). Likewise, the medical records from the 2007 emergency room visit, which
occurred on the date Wiley's trial was to have commenced, do not address Wiley's mental
condition or state of mind in 2005. Under the circumstances present in this case, it was not
an abuse of discretion for the trial court to exclude the evidence. We overrule issue two and
affirm the judgment.

 AFFIRMED.



 _____________________________

 STEVE McKEITHEN

 Chief Justice 


 

Submitted on December 29, 2008

Opinion Delivered January 14, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. We note that because this testimony has no relevance to appellant's state of mind on
the date of the offense, the opinion of the Court of Criminal Appeals in Ruffin v. State does
not impact our consideration in this case. See Ruffin v. State, 2008 WL 5169555 (Tex. Crim.
App. Dec. 10, 2008) (not yet reported).